EMPIRE DISTRIBUTORS, SUCCESSOR TO EMPIRE WHOLESALERS
*v.* UNITED STATES

**No. 7827.—**
Entry No. 3500.

(Order dated May 5, 1950)

*John C. Ray* for the plaintiff.
*David N. Edelstein*, Assistant Attorney General (*Dorothy C. Bennett* and *Samuel D. Spector*, special attorneys), for the defendant.

### ORDER

EKWALL, Judge: This is an appeal for reappraisement involving the value for duty purposes of a quantity of sanitary kitchen waste cans exported from Canada the latter part of September 1946 and

entered at the port of Detroit, Mich. The entered value was stated to be $1.15 (Canadian) each, less 5 per centum, less 8 per centum tax. The cans were appraised at $1.23 (Canadian) each, net packed, which appraisal was based on foreign value (section 402 (c), Tariff Act of 1930, as amended). The record shows that the cans were sold in Canada for home consumption to three classes of buyers at the following prices:

(Canadian)

| | |
|---|---|
| Jobbers | $1. 01 each |
| Chain and Department Stores | 1. 15 each |
| Retailers | 1. 23 each |

These prices were set by the Canadian Wartime Prices and Trade Board on December 15, 1945. Subsequently and at the time the instant merchandise was exported such merchandise was also offered to certain chain and department stores that purchased large quantities at less than the maximum prices set by the said Canadian Wartime Prices and Trade Board, viz, Canadian $1.05 and $1.15 each, less 5 per centum.

It is contended on behalf of the importer, plaintiff herein, that the proper basis for valuation of these cans is the cost of production, as defined in section 402 (f) of said tariff act. It was conceded on behalf of the Government that the tax of 8 per centum, which represents a Canadian sales tax, forms no part of the value of goods for duty purposes under authority of *United States* v. *Pitcairn*, 33 C. C. P. A. (Customs) 183, C. A. D. 334.

The record shows that the Canadian Wartime Prices and Trade Board set up the general sales price range for the various categories of buyers, but the determination as to the constituents of each group rested with the manufacturer, the Engineering Products of Canada, Ltd. Buyers of 100 or more cans were classified as jobbers or department stores.

Plaintiff contends that there is no foreign value for the cans due to the control exercised by the Canadian Government on offers for sale for home consumption which applied not only to offers made by manufacturers to Canadian wholesalers, but also to the Canadian retailer and to offers made by the latter to the ultimate consumer. It appears in this connection that the Canadian Wartime Prices and Trade Board fixed the maximum prices at which the manufacturer could sell and also the maximum selling prices or maximum mark-ups on resale. There was no minimum price fixed, nor was any restriction placed upon the use of the merchandise.

The question of whether a market is controlled or restricted so as to preclude the finding of a foreign value as the proper basis of appraisement has been the subject of much customs litigation. The cases have consistently held that where restrictions are imposed either as to the resale or the free use or dominion over the merchandise, or

that sales are confined to selected purchasers, such a market is controlled. *Goodyear Tire & Rubber Co.* v. *United States*, 11 Ct. Cust. Appls. 351, T. D. 39158; *J. H. Cottman* v. *United States*, 20 C. C. P. A. (Customs) 344, T. D. 46114; *United States* v. *Half Moon Mfg. & Trading Co., Inc.*, 28 C. C. P. A. (Customs) 1, C. A. D. 115; *United States* v. *Paul J. Pauls*, id. 7, C. A. D. 116.

The Government contends that the fixing of a maximum price here does not prohibit the free offering of the merchandise in the usual wholesale quantities to all purchasers at any price lower than the maximum price. In support of that claim the cases of *United States* v. *S. S. Kresge Co. et al.*, 26 C. C. P. A. (Customs) 349, C. A. D. 39, and *United States* v. *Michele Diagonale*, 22 C. C. P. A. (Customs) 517, T. D. 47497, are cited. In the *Kresge Co.* case the dutiable value of Christmas-tree ornaments was involved and the court held that in spite of the fact that the manufacturers could not legally sell at prices lower than the fixed minimum prices, such a condition did not create a controlled market for tariff purposes. However, in that case the restriction was not extended to resale or use. In the instant case the reasoning used by the court would be applicable were it not for one point of differentiation, i. e., that here the restriction applies also to the resale of the cans. Likewise, in the *Diagonale* case, there was no restriction on the resale of the filigree silver there involved. Because of the restriction upon the resale of the cans in suit, we find that there was no freely offered price for these goods and, therefore, no foreign value.

As to whether or not there exists an export value as defined in section 402 (d) of the Tariff Act of 1930, the record discloses that Empire Distributors are the sole distributors of these particular cans in the United States. Therefore, plaintiff contends that there is no export value for this product.

It is noted that nowhere in the record is there any proof as to whether similar cans were offered or sold either for home consumption or for export. Insofar as offers or sales for home consumption are concerned, it is safe to conclude that the restrictions imposed by the Canadian Wartime Prices and Trade Board apply equally to similar cans. However, as to export value the record shows that all sales of *such* merchandise were made to plaintiff, but is silent as to whether there were in existence purchasers for similar cans for export. Therefore, it cannot be held that there is no export value as defined in the statute, nor do I understand the Government to so concede.

As to United States value (section 402 (e) of said tariff act, as amended), the evidence shows that, other than samples, plaintiff did not keep a stock of these cans on hand. In order to find a United States value for a given commodity, it is necessary to show the price at which such or similar previously imported merchandise was being

freely offered for sale to all purchasers at or prior to the date of exportation of the imported merchandise. *United States* v. *New York Merchandise Co., Inc.*, 31 C. C. P. A. (Customs) 213, C. A. D. 274. Also there must be prototype merchandise in the United States available for offer at or near the date of exportation. *United States* v. *G. W. Sheldon & Co. (Renaud & Co.)*, 23 C. C. P. A. (Customs) 245, T. D. 48108; *United States* v. *Collin & Gissel (Ludwig Baer)*, 29 C. C. P. A. (Customs) 96, C. A. D. 176. In the case at bar all of the merchandise arriving in the United States had been sold before its arrival. As a consequence, no prototype merchandise was available for sale during the period under consideration. Therefore, under the decisions, there cannot be a United States value for these cans.

Even were this court to find that the proper basis for valuation was the cost of production, as defined in section 402 (f) of the Tariff Act of 1930, I could not accept the figures set forth in plaintiff's exhibit 3 (the affidavit of the manufacturer) for the reason that the only evidence therein as to the item of profit is the alleged profit of this manufacturer. The record is lacking in proof of the profit added by other manufacturers of such or similar merchandise. On the question of determining the amount of profit, the latest expression of our court of appeals is found in the case of *United States* v. *Jovita Perez*, 36 C. C. P. A. (Customs) 114, C. A. D. 407, where, after quoting from *United States* v. *Henry Maier*, 21 C. C. P. A. (Customs) 41 T. D. 46378, which construed section 402 (e) of the Tariff Act of 1922, the prototype of section 402 (f) of the Tariff Act of 1930, here involved, the court said:

> From the foregoing quotation it seems clear that the actual profit of the manufacturer of the involved merchandise is not the sole criterion for finding the addition for profit under section 402 (f) (4), *supra*. The computation of the item of profit is not limited to any particular manufacturer or manufacturers, but rather extends to all the manufacturers of the particular merchandise under consideration.as well as other manufacturers of merchandise of the same class or kind—if any—and "the amount of profit should be determined according to the weight of all the evidence bearing upon the subject."

See also the recent decision of the second division of this court in *United States* v. *Arrow Upholstery Co., Inc.*, 24 Cust. Ct. 539, Reap. Dec. 7793, wherein the court, in considering the question of whether the profit of the particular manufacturer of the merchandise in controversy is sufficient to establish the amount of profit to be added to constitute cost of production pursuant to section 402 (f), *supra*, used the following language:

> In view of the foregoing, it is our considered opinion that section 402 (f) (4) of the Tariff Act of 1930 (19 U. S. C. § 1402 (f) (4)) is mandatory and that the facts therein called for must be supplied or their nonexistence established by proof if merchandise of the same general character was produced and sold by others in the

country of exportation. Of course, if it be established by competent proof that merchandise of the same general character is not produced or sold by other manufacturers, or if produced and sold that the profits could not be ascertained, then the profit ordinarily made by the manufacturer of the imported merchandise in producing goods of the same general character may be resorted to in arriving at the statutory cost of production. * * *

Plaintiff herein has the burden not only of overcoming the presumption of correctness attaching to the appraiser's valuation but also of proving the correct dutiable value. *United States* v. *Malhame & Co.*, 19 C. C. P. A. (Customs) 164, T. D. 45276; *Harry Garbey* v. *United States*, 24 C. C. P. A. (Customs) 48, T. D. 48332. I find that the plaintiff has failed to prove the proper dutiable value of the merchandise, in which case the value found by the appraiser would govern. However, the appraised value was based upon foreign value which I have found to be inapplicable due to the fact that the market is controlled. Inasmuch as there is no export value, no United States value, and, as pointed out above, proof of cost of production is unsatisfactory insofar as the item of profit is concerned, I find that the ends of justice would best be served by restoring the case to the Detroit docket in order that the missing elements of proof may be supplied.

It is so ordered.