(Reap. Dec. 8634)

RAYLITE TRADING CO., INC., ET AL. *v.* UNITED STATES

Entry No. 764188, etc.

(Decided on remand [A. R. D. 69] September 7, 1956)

*Sharretts, Paley & Carter* (*Howard Clare Carter* of counsel); *Benjamin A. Levett*, associate counsel; for the plaintiffs.

*George Cochran Doub*, Assistant Attorney General (*William J. Vitale*, trial attorney), for the defendant.

OLIVER, Chief Judge: These appeals for reappraisement, which involve certain incandescent electric-light bulbs exported from Japan between October 27, 1939, and December 19, 1939, were the subject of my decision in *Raylite Trading Co., Inc., et al.* v. *United States*, 32 Cust. Ct. 589, Reap. Dec. 8292. The question presented relates to an appraisement under the Antidumping Act of 1921, in which the appraiser found there was no foreign market value, as such value is defined in section 205 of the Antidumping Act of 1921, for the articles in question, and that, as to each of these items, the cost of production,

within the meaning thereof under section 206 of the Antidumping Act of 1921, is higher than the purchase price. The items involved herein have been identified as follows:

| Invoice item | Description of article | Plaintiffs' exhibit No. |
|---|---|---|
| C–6 | Cone-shaped miniature base Christmas tree bulb (R. 10) | 1 |
| C–9¼ | Intermediate base, 115-v. Christmas tree lamp (R. 11) | 2 |
| C–7½ | Candelabra base Christmas tree lamp (R. 12) | 3 |
| Spot Spiral Focusing Bulb | ------------------------------------ | 4 |
| T–10—Tubular lamps | Showcase, 115–120 volt Edison base (R. 15) | 5 |
| T–4—Pilot lamps 120 v. Clear | Candelabra base, Pilot lamp (R. 16) | 6 |
| T–4—Pilot lamps 120 v. Frost | Same as plaintiffs' exhibit No. 6 | --------- |

Plaintiffs abandoned reappraisement 138345–A as to items C–9¼ and C–7½, and reappraisement 138633–A as to item C–7½. The two appeals for reappraisement were dismissed as to those items under the judgment order issued with my previous decision, Reap. Dec. 8292, *supra*.

When this case came before me originally, it was presented by plaintiffs, as stated in counsel's brief, on the question "whether or not there is a foreign value as defined in Section 164 of Title 19, U. S. C. for these electric light bulbs and what that foreign value is," and all of their evidence—documentary proof as well as oral testimony—was directed thereto. In my decision, Reap. Dec. 8292, *supra*, I outlined in much detail all of the evidence pertinent to the issue before me, and, on the basis of the record, I concluded that "plaintiffs have failed to establish the several elements embodied in the statutory definition of foreign market value under the Antidumping Act of 1921," and held "the cost of production and the purchase price of each of the articles in question to be as found by the appraiser."

In their appeal to the division on review, appellants (plaintiffs) injected a new issue, not raised before me, contending, as stated in counsel's brief, that "If there is no foreign market value, the question is whether the purchase price is less than the cost of production."

The appellate division, in *Raylite Trading Co., Inc., et al.* v. *United States*, 36 Cust. Ct. 660, A. R. D. 69, affirmed the conclusion in Reap. Dec. 8292, *supra*, holding there is no foreign market value under section 205, *supra*, for the merchandise in question and then considered appellants' (plaintiffs') claim relating to cost of production. Without passing on the merits of that contention, the division remanded the case "to the trial court to the end that it consider and weigh the

evidence contained in the special agent's reports as to the cost of production, and findings of fact and conclusions of law be made thereon."

Pursuant to the foregoing mandate, these appeals for reappraisement are before me at this time, my consideration thereof being limited to a determination whether the statutory cost of production for these electric-light bulbs is less than that reported by the appraiser. Cost of production, as such value is defined in section 206, *supra*, reads as follows:

Sec. 206. That for the purposes of this title the cost of production of imported merchandise shall be the sum of—

(1) The cost of materials of, and of fabrication, manipulation, or other process employed in manufacturing or producing, identical or substantially identical merchandise, at a time preceding the date of shipment of the particular merchandise under consideration which would ordinarily permit the manufacture or production of the particular merchandise under consideration in the usual course of business;

(2) The usual general expenses (not less than 10 per centum of such cost) in the case of identical or substantially identical merchandise;

(3) The cost of all containers and coverings, and all other costs, charges, and expenses incident to placing the particular merchandise under consideration in condition, packed ready for shipment to the United States; and

(4) An addition for profit (not less than 8 per centum of the sum of the amounts found under paragraphs (1) and (2)) equal to the profit which is ordinarily added, in the case of merchandise of the same general character as the particular merchandise under consideration, by manufacturers or producers in the country of manufacture or production who are engaged in the same general trade as the manufacturer or producer of the particular merchandise under consideration.

Plaintiffs offered no evidence concerning cost of production, section 206, *supra*. To support their contention with reference to such statutory value, plaintiffs rely entirely upon certain information included in the Treasury attaché's reports (defendant's exhibits 7, 8, and 9). Each of the reports contains tabulations setting forth certain figures relating to costs of production of several types of electric-light bulbs. All of the reports state that they were prepared "For the Information of the Appraiser at New York." Each of them bears a date that is several months earlier than when appraisement in each instance was made. In other words, at the time of appraisement of the merchandise in question, the appraiser had before him all of the information contained in these three reports. The United States examiner, whom plaintiffs called as a witness, testified that he "had seen these reports" (R. 145) at the time he reported the values under the Antidumping Act of 1921 on the shipments in question. What other information, if any, was before the appraiser at the time of his appraisement is not disclosed.

The statute, section 500 of the Tariff Act of 1930, requires that it "shall be the duty of the appraiser," in appraising merchandise, to

ascertain or estimate "the value thereof by all reasonable ways and means in his power, any statement of cost or cost of production in any invoice, affidavit, declaration, or other document to the contrary notwithstanding." The presumption is that the value found by the appraiser is correct and that he found every fact to exist that was necessary to sustain his appraisement. *Transatlantic Shipping Co., Inc. (Absorbo Beer Pad Co., Inc.)* v. *United States*, 28 C. C. P. A. (Customs) 19, C. A. D. 118; *E. I. du Pont de Nemours & Co.* v. *United States*, 27 C. C. P. A. (Customs) 146, C. A. D. 75. How the various elements of value impressed the appraiser, and what grounds influenced or controlled his mental processes, are matters in respect of which he could not be interrogated. *Muser* v. *Magone*, 155 U. S. 240.

The values found by the appraiser are presumptively correct under statutory provisions (28 U. S. C. § 2633) reading as follows:

The value found by the appraiser shall be presumed to be the value of the merchandise. The burden shall rest upon the party who challenges its correctness to prove otherwise.

Plaintiffs, as the appealing parties, assumed the burden not only of showing that the appraisement was wrong, but also of proving the correct dutiable value. *United States* v. *Malhame & Co.*, 19 C. C. P. A. (Customs) 164, T. D. 45276; *Harry Garbey* v. *United States*, 24 C. C. P. A. (Customs) 48, T. D. 48332.

The record herein fails to sustain that twofold burden. The information in the reports (exhibits 7, 8, and 9, *supra*), which is the sole basis for plaintiffs' claim relating to cost of production, is not entitled to sufficient weight to support plaintiffs' contention.

For all of the reasons hereinabove set forth, as well as those stated in my previous decision, Reap. Dec. 8292, *supra*, which are incorporated herein by reference, I adhere to the conclusions expressed therein. Accordingly, I find, as to the items in question, that the cost of production and the purchase price of each of the articles are as found by the appraiser.

Judgment will be rendered accordingly.