(A. R. D. 76)

RAYLITE TRADING CO., INC., ET AL. *v.* UNITED STATES

Entry No. 764188, etc.

## Second Division, Appellate Term

(Decided June 5, 1957)

*Sharretts, Paley & Carter* (*Howard Clare Carter* and *Richard F. Weeks* of counsel); *Benjamin A. Levett*, associate counsel; for the appellants.

*George Cochran Doub*, Assistant Attorney General (*Daniel I. Auster* and *William J. Vitale*, trial attorneys), for the appellee.

Before FORD, MOLLISON, and WILSON, Judges

FORD, Judge: This application for review was filed under the provisions of title 28 U. S. C., section 2636 (a), and seeks a reversal or modification of the decision and judgment of the trial court, reported in *Raylite Trading Co., Inc., et al.* v. *United States*, 37 Cust. Ct. 492, Reap. Dec. 8634. The case is before us at this time for the purpose of reviewing the decision of the trial court with reference to the weight to be given three special agent's reports, exhibits 7, 8, and 9, on the question of the cost of production under section 206 of the Antidumping Act of 1921.

With reference to said reports, the trial court made the following finding:

* * * The information in the reports (exhibits 7, 8, and 9, *supra,*, which is the sole basis for plaintiffs' claim relating to cost of production, is not entitled to sufficient weight to support plaintiffs' contention.

The following is quoted from exhibit 7:

There being no sales of the above merchandise to the domestic market or to countries other than the United States, the firm's cost of production on the various bulbs was secured as follows:

| | C–6 Bulbs. | (Cost per 100 pcs.). | |
| --- | --- | --- | --- |
| | July 4. | Aug. 10. | Oct. 19. |
| Bulbs. | ¥0. 33 | ¥0. 35 | ¥0. 38 |
| Bases. | . 26 | . 26 | . 26 |
| Filament. | . 07 | . 07 | . 07 |
| Labor. | . 89 | . 92 | . 99 |
| Coloring. | . 11 | . 11 | . 11 |
| | ¥1. 66 | ¥1. 71 | ¥1. 81 |
| Carton box. | . 06 | . 07 | . 08 |
| Export case. | . 04 | . 04 | . 05 |
| Inspection fee. | . 08 | . 08 | . 08 |
| Local freight. | . 01 | . 01 | . 01 |
| General expenses. | . 10 | . 10 | . 10 |
| | ¥1. 95 | ¥2. 01 | ¥2. 13 |
| Profit. | . 15 | . 14 | . 07 |
| Selling price. | ¥2. 10 | ¥2. 15 | ¥2. 20 |

The above are the firm's cost figures on the bulbs sold to Nanri. On the sale to Strong (C–8) at ¥2.10 and to Komaki (C–6) at ¥2.00, the July 4th post figures were stated to apply.

Exhibit 7 continues with the purported cost-of-production figures on a number of items and at varying prices. Exhibits 8 and 9 contain similar production figures. In our view of this case, it is not necessary to detail all these figures here.

The cost of production formula in the Antidumping Act of 1921, which governs in this case, is as follows:

SEC. 206. That for the purposes of this title the cost of production of imported merchandise shall be the sum of—

(1) The cost of materials of, and of fabrication, manipulation, or other process employed in manufacturing or producing, identical or substantially identical merchandise, at a time preceding the date of shipment of the particular merchandise under consideration which would ordinarily permit the manufacture or production of the particular merchandise under consideration in the usual course of business;

(2) The usual general expenses (not less than 10 per centum of such cost) in the case of identical or substantially identical merchandise;

(3) The cost of all containers and coverings, and all other costs, charges, and expenses incident to placing the particular merchandise under consideration in condition, packed ready for shipment to the United States; and

(4) An addition for profit (not less than 8 per centum of the sum of the amounts found under paragraphs (1) and (2)) equal to the profit which is ordinarily added, in the case of merchandise of the same general character as the particular merchandise under consideration, by manufacturers or producers in the country of manufacture or production who are engaged in the same general trade as the manufacturer or producer of the particular merchandise under consideration.

It will be observed that the special attaché in each of said exhibits 7, 8, and 9 states that "* * * the firm's cost of production on the various bulbs was secured as follows:" and that "The above are the firm's cost figures on the bulbs * * *." It is obvious, therefore, that the report of cost of production detailed in the said exhibits is not sufficient to establish all the elements required under section 206, *supra*.

On the question of profit, the reports in said exhibits make it clear that the profit there included is the profit of the manufacturer or producer investigated, and there is no showing that the profit referred to in said reports is "* * * equal to the profit which is ordinarily added, in the case of merchandise of the same general character as the particular merchandise under consideration, by manufacturers or producers in the country of manufacture or production who are engaged in the same general trade as the manufacturer or producer of the particular merchandise under consideration."

In the respects set out above, these reports of cost of production are deficient and, therefore, are not entitled to sufficient weight to establish a *prima facie* case in favor of the appellants herein. This,

in effect, was the holding by the Court of Customs and Patent Appeals in the case of *United States* v. *Henry Maier*, 18 C. C. P. A. (Customs) 409, T. D. 44679, from which the following is quoted:

It will be observed that said subsection 4 provides for an addition for profit of an amount equal to the profit which ordinarily is added by manufacturers in the same country of the same class or kind of product. It does not provide that an addition for profit may be made equal to the profit of the particular manufacturer who made the goods in question. In this respect, therefore, the court below erred in its construction of the law and because of such error failed to give consideration to material and relevant testimony in the record on the matter of an allowance for profit.

On this same subject, in *United States* v. *Henry Maier*, 21 C. C. P. A. (Customs) 41, T. D. 46378, we find the following:

The provisions under consideration, while new in *general* tariff laws, are not new in tariff legislation. Said section 402 (e) appears to have been taken almost verbatim from section 206 of the Antidumping Act of 1921, * * *.

\* \* \* \* \* \* \*

From the legislative history of said Antidumping Act of 1921, it appears that said section 206 was incorporated in H. R. 2435 through an amendment reported by the Senate Committee on Finance, which was adopted by the Senate and agreed to in a conference report upon the bill. In the report of said Committee on Finance to the Senate upon the antidumping act, after reciting the substance of said section 206, we find the following:

> The purpose of this definition is to create a constructive foreign-market value based on the cost of material and labor at a time preceding the date of shipment of the imported merchandise which would ordinarily permit the manufacture or production of such merchandise in the usual course of business. It is not limited to the actual cost of the imported merchandise. * * *

It would appear, therefore, that it was not the intent of Congress, when it enacted said section 206, to limit the cost of production, in cases where said section was applicable, to the actual cost of production of the imported merchandise, including actual profit realized by the manufacturer, and we think a like construction should be given to said section 402 (e) of the Tariff Act of 1922. In other words, as we construe said paragraph 4, it is not enough to establish what the ordinary profit of the manufacturer of the imported merchandise was, if merchandise of the same general character was produced and sold by others in the country of exportation, and the profit made thereon is reasonably ascertainable. If not so produced and sold by others, the profit ordinarily made by the manufacturer of the imported merchandise in producing goods of the same general character as the imported merchandise may be resorted to in arriving at the statutory cost of production. We have so held in respect to said section 206 of the Antidumping Act of 1921. *Cottman & Co.* v. *United States*, 20 C. C. P. A. (Customs) 344, T. D. 46114.

The principles announced in the above-quoted cases were considered and reaffirmed in *United States* v. *Arrow Upholstery Co., Inc.*, 24 Cust. Ct. 539, Reap. Dec. 7793. See also *United States* v. *Jovita Perez*, 36 C. C. P. A. (Customs) 114, C. A. D. 407.

In the *Arrow Upholstery Co., Inc.* case, *supra*, it was held:

* * * that section 402 (f) (4) of the Tariff Act of 1930 (19 U. S. C. § 1402 (f) (4) is mandatory and that the facts therein called for must be supplied or their non-

existence established by proof if merchandise of the same general character was produced and sold by others in the country of exportation. Of course, if it be established by competent proof that merchandise of the same general character is not produced or sold by other manufacturers, or if produced and sold that the profits could not be ascertained, then the profit ordinarily made by the manufacturer of the imported merchandise in producing goods of the same general character may be resorted to in arriving at the statutory cost of production.

In the present case, we have no evidence of any kind that merchandise of the same general character is not produced or sold by other manufacturers in the country from which the involved merchandise was exported, or, if produced and sold, that the profits of the other manufacturers or producers of the same general class or kind of merchandise could not be reasonably ascertained. We are, therefore, precluded from using the profits and general expenses of the manufacturer of the subject merchandise in determining the cost of production under said section 206.

The above authorities fully support the finding of the trial court that the evidence contained in exhibits 7, 8, and 9 is not sufficient to establish the cost of production of the subject merchandise, and its decision and judgment so finding and holding are hereby affirmed. Judgment will be rendered accordingly.