(A. R. D. 33)

GLANSON CO. *v.* UNITED STATES

Entry No. 792815.

## Second Division, Appellate Term

(Decided December 3, 1953)

*Eugene R. Pickrell* (*Michael Stramiello, Jr.*, of counsel) for the appellant.
*Warren E. Burger*, Assistant Attorney General (*Samuel D. Spector*, special attorney), for the appellee.

Before LAWRENCE, RAO, and FORD, Judges

RAO, Judge: We are here asked to review a decision and judgment wherein and whereby an importer's appeal for the reappraisement of an importation of cribbage boards was dismissed for lack of proof.

Two styles or sizes of cribbage boards, designated on the invoice as #28 and #29, respectively, are here involved. Style #28 was invoiced and entered at $4.95 per dozen, appraised at $7.40 per dozen, net packed, and is claimed by appellant to be properly valued at $5.55 per dozen. Style #29 was invoiced at $8.25 per dozen, appraised at $14.40 per dozen, net packed, and claimed to have a value of $11.10 per dozen. All of the foregoing values are expressed in Canadian currency.

Both parties claim that foreign value, as defined by section 402 (c) of the Tariff Act of 1930, as amended by the Customs Administrative Act of 1938, is the proper basis for determining the value of the instant merchandise, it being conceded by appellee that the appraisement was made upon such basis.

The trial court found, and we approve the finding, that the record established "that because the plaintiff had the exclusive United States right to purchase the cribbage boards manufactured by the exporter, no export value, as defined in section 402 (d) of the tariff act, *supra*, existed for such merchandise," and that there was neither a foreign nor an export value for cribbage boards similar to those here involved within the meaning of that term as used in the statutes.

On the question of foreign value of such merchandise, the trial judge found from the evidence that at or about the time of exportation the manufacturer and exporter of the instant cribbage boards freely offered the same for sale for home consumption in the principal markets of the country from which exported, in the usual wholesale quantities and in the ordinary course of trade, at three different price levels, determined solely by the category of the purchaser, as follows:

| No. | To jobbers and wholesalers | To chain and department stores | To retailers, other than chain and department stores |
|---|---|---|---|
| 28 | $5.55 per dozen | $6.66 per dozen | $7.40 per dozen |
| 29 | 11.10 per dozen | 13.30 per dozen | 14.40 per dozen |

We are of opinion that the record supports this factual conclusion.

Finding no statutory provision nor principle of law which would authorize the selection of one of these prices as *the* price at which the merchandise was freely offered to *all* purchasers, in the usual wholesale quantities and in the ordinary course of trade, it being the trial court's conclusion that the selling price to each class of purchaser was restricted exclusively to the price level maintained for his class, the court held "as matter of law that no foreign value for merchandise such as that here involved existed within the meaning of the statute."

It would appear that the evidence adduced before the trial court did not necessitate so conclusive a determination as that no foreign value existed for the merchandise at bar. That such a value could not be found from evidence reflecting the manufacturer's sales, because such sales were made at prices which varied solely with respect to the category of the purchaser, and no one price could be selected as the freely offered price to all purchasers, does not necessarily import that there was no foreign value for the instant merchandise.

The proven fact is that the wholesale trade constituted one of the categories of purchasers to whom the manufacturer sold its wares. Whether that class of trade offered to sell cribbage boards at prices which would, consistent with the provisions of the foreign value statute, enable the selection of a freely offered price to all purchasers for home consumption, is not of record. Until such sales are ruled out, the categorical denial of the existence of a foreign value may not be asserted. We cite the case of *United States* v. *H. W. Robinson & Co., State Forwarding Co., & Edgar S. Bibas*, 19 C. C. P. A. (Customs) 274, T. D. 45436, as authority for the proposition that resale prices of wholesalers are acceptable as a basis from which to derive a foreign value, if such prices accord with the statutory requirements of being freely offered for home consumption to all purchasers in the principal markets of the country from which exported, in the usual wholesale quantities and in the ordinary course of trade.

Accordingly, we are of opinion that the trial court should have held, not that no foreign value existed, but that a foreign value could not be found from the evidence of record. Such a finding might well have caused an avoidance of a course which we here conclude to have constituted reversible error on the part of the trial court, to wit, the dismissal of the appeal for reappraisement.

The judgment of dismissal was predicated upon the theory that since the parties had confined their proof to the issue of foreign value, as that value is defined in section 402 (c) of the Tariff Act of 1930, as amended, the appraisement having been shown to have been made on that basis, and since, under the facts of record in the instant case, it was established, as matter of law, that no such value existed, there was no

other course available to the trial court than a dismissal of the appeal for lack of proof.

Section 501 of the Tariff Act of 1930, as amended by the Customs Administrative Act of 1938, the statute in effect at the time the importation at bar was made, provided in part as follows:

\* \* \* Every such appeal [for reappraisement] shall be transmitted with the entry and the accompanying papers by the collector to the United States Customs Court and shall be assigned to one of the judges, who shall in every case, notwithstanding that the original appraisement may for any reason be held invalid or void and that the merchandise or samples thereof be not available for examination, after affording the parties an opportunity to be heard on the merits, determine the value of the merchandise from the evidence in the entry record and that adduced at the hearing. \* \* \*

A similar provision is presently contained in 28 U. S. C. section 2631.

The plain intendment of the provision for judicial review of the action of the appraiser is that the single judge sitting in reappraisement shall affirmatively determine the value of the imported merchandise, notwithstanding any invalidity in the original appraisement. He does not fulfill his statutory function in a reappraisement proceeding, unless, and until, such value is declared, and he cannot avoid the duty thus imposed upon him by law, by the expedient of a dismissal of the appeal for reappraisement for lack of proof. The duty to determine the value of the merchandise devolves upon the trial judge even though no evidence was submitted at the trial. *United States* v. *Joseph Fischer as Liquidating Agent of Schmoll Fils Assd., Inc., et al.,* 32 C. C. P. A. (Customs) 62, C. A. D. 286. It is absolute and imperative, and does not permit the oblique affirmance of the values returned by the appraiser through the medium of a dismissal of the appeal for reappraisement.

Under the circumstances of there having been no finding of value in the first instance by the single judge in this case, we are of the opinion that the appropriate procedure is to reverse the judgment and remand the case to the trial court to the end that a value be found for each style of the imported cribbage boards. *Florea & Co., Inc.* v. *United States,* 34 C. C. P. A. (Customs) 26, C. A. D. 339. Judgment will therefore be entered in accordance with the views herein expressed.