(Reap. Dec. 9047)

GLANSON CO. *v.* UNITED STATES

Entry No. 792815.

(Decided on remand [A. R. D. 33] January 6, 1958)

*Michael Stramiello, Jr.*, for the plaintiff.

*George Cochran Doub*, Assistant Attorney General (*Samuel D. Spector* and *Daniel I. Auster*, trial attorneys), for the defendant.

MOLLISON, Judge: This is an appeal for reappraisement of the values of certain cribbage boards exported from Canada on or about June 14, 1948. In a decision reported as *Glanson Co.* v. *United States*, 29 Cust. Ct. 508, Reap. Dec. 8182, the writer found on the law as applied to the evidence adduced that neither a foreign nor an export value for such or similar merchandise existed. On appeal, the said decision was reversed and the cause remanded for further proceedings. *Glanson Co.* v. *United States*, 31 Cust. Ct. 473, A. R. D. 33.

Under the order of remand, further proceedings were had, as the result of which, in *Glanson Co.* v. *United States*, 38 Cust. Ct. 638, Reap. Dec. 8793, the writer found that there was neither a foreign, export, nor United States value for the merchandise at bar, within the meaning of the definitions thereof as found in section 402 of the Tariff Act of 1930, as amended. Evidence was offered on behalf of the plaintiff with respect to the cost of production value of the merchandise, defined in section 402 (f) of the tariff act, consisting of an affidavit of P. Roug-Jensen, who identified himself therein as the plant manager of the manufacturer and exporter, having access to sales and cost records thereof. The said affidavit was received in evidence as plaintiff's exhibit 8 and reads as follows:

P. ROUG-JENSEN, being duly sworn, deposes and says:

1. That he is Plant Manager of the ACME RULER & ADVERTISING Co. LTD., which is located in the City of Toronto, Province of Ontario, Dominion of Canada, and has been associated with said company for 24 years.

2. That in his capacity as Plant Manager, he has access to the sales records, records of cost of manufacturing its products and records pertaining to general expenses and other expenses involved in the manufacturing and selling of the products of ACME RULER & ADVERTISING Co. LTD.

3. That said records of said company show that cribbage boards, sizes 28 and 29, such as or similar to those sold for export to the United States, from 1946 through 1949, were produced at approximately the following costs, the following general expenses, the following packing costs, and the following profits were realized on their sale:—

| | FROM JANUARY 1, 1946 through NOVEMBER 30, 1948 | |
|---|---|---|
| Per dozen | Size 28 | Size 29 |
| Cost of materials | $1. 44 | $2. 96 |
| Labour and processing | 2. 76 | 4. 34 |
| General Expenses | . 46 | . 81 |
| Packing | . 06 | . 08 |
| Profit | . 83 | 2. 91 |
| Totals—Can. | $5. 55 | 11. 10 |

| | FROM DECEMBER 1, 1948 through DECEMBER 31, 1949 | |
|---|---|---|
| Per dozen | Size 28 | Size 29 |
| Cost of materials | $2. 08 | $2. 96 |
| Labour and processing | 3. 95 | 4. 34 |
| General Expenses | . 71 | . 81 |
| Packing | . 08 | . 08 |
| Profit | 1. 58 | 2. 91 |
| Totals—Can. | $8. 40 | 11. 10 |

4. That the profits set forth above represents the profits realized on the cribbage board sold at prices reflecting the greatest volume of all cribbage board sales made by ACME RULER & ADVERTISING CO. LTD., and are not less than the profits which are ordinarily added by manufacturers of merchandise of the same class or kind in Canada.

In addition to objections to its admissibility made at the trial "as calling for conclusions and hearsay testimony," counsel for the defendant pointed out in the brief filed in its behalf that the evidence as to the item for profit given in the affidavit was not in accordance with the law on the subject in at least two respects:

First, calling attention to the fact that, in paragraph 4 of the affidavit, the affiant states—

That the profits set forth above represents the profits realized on the cribbage board sold at prices reflecting the greatest volume of all cribbage board sales made by ACME RULER & ADVERTISING CO. LTD. * * *

counsel for the defendant contended that the statute, calling for—

* * * the profit which ordinarily is added, in the case of merchandise of the same general character as the particular merchandise under consideration * * *

requires evidence of the profit added or realized in the case of sales of *all* of the merchandise of the same general character as the involved merchandise, rather than, as the affidavit appears to state, the profits realized on a portion of all of the sales of cribbage boards.

Just what was meant by the affiant by the use of the quoted language is not very clear. Counsel for the defendant believes that it was intended to mean that the profits shown represented the profits made by the manufacturer on the major portion of sales of cribbage boards (which the evidence shows to have been those made to wholesalers), and it would appear that this is a reasonable interpretation of the language. Seemingly, then, the evidence as to the item of profit in plaintiff's exhibit 8 relates only to the profit added or made in the case of a particular type of sale of cribbage boards, that is to say, sales to wholesalers only, and disregards the profits made in other types of sales, i. e., to chain and department stores, retailers, and in export transactions. The profit made in the case of sales to chain and department stores and to retailers would be higher than that shown, inasmuch as the record indicates that the prices charged those customers were higher than the prices charged the wholesalers.

Second, counsel for the defendant pointed out that the evidence given in the affidavit related only to the profit of the manufacturer of the particular merchandise under consideration, instead of, as called for by the statute, the profit added—

* * * by manufacturers or producers in the country of manufacture or production who are engaged in the production or manufacture of merchandise of the same class or kind.

A consideration of these matters induced the writer to hold that the proof contained in plaintiff's exhibit 8 fell short of establishing the elements specified in the cost-of-production statute, and, it appearing that the basis upon which the value returned by the appraiser was made had been demonstrated to have been erroneous, in the interests of justice, to restore the case to the calendar "for the sole purpose of permitting the introduction of evidence by both parties with respect to the addition for profit called for by paragraph (4) of the cost of production statute, section 402 (f) of the Tariff Act of 1930." See memorandum reported as Reap. Dec. 8793.

On the hearing thus permitted, counsel for the plaintiff produced and offered in evidence a supplementary affidavit by Mr. Roug-Jensen, the pertinent portion of which reads as follows:

\* \* \* \* \* \* \*

To the best of my knowledge and belief no other concern in Canada from January 1, 1946 through December 31, 1949, manufactured or produced cribbage boards, and no manufacturers or producers in Canada were engaged in producing or manufacturing merchandise of the same class or kind as the cribbage boards sold to Glanson Company by Acme Ruler and Advertising Co. Limited for export to the United States in said period, and if there were manufacturers and producers of the same class of cribbage boards I would have known of them because of my extensive knowledge of the trade.

The affidavit was received in evidence as plaintiff's exhibit 9 over the objection of counsel for the defendant that it contained conclusions

and self-serving declarations. In the brief filed on behalf of defendant, its counsel calls attention to numerous alleged deficiencies in the proof with respect to cost of production in exhibits 8 and 9, among which are that the costs set forth in paragraph 3 of exhibit 8 are therein shown to be merely approximate rather than actual costs; that the statements therein with respect to the item of usual general expenses represent conclusions only, there being no itemization of the expenses covered; and that the statement with respect to the nonexistence of other manufacturers in Canada of the same class of cribbage boards as those here involved is insufficient to establish the facts called for by the statute.

. A careful study of the evidence contained in exhibits 8 and 9 leads to the conclusion that the contention of the defendant as to the insufficiency of the proof as to cost of production contained therein is well founded.

In paragraph 3 of exhibit 8 the affiant states—

That said records of said company show that cribbage boards, sizes 28 and 29, such as or similar to those sold for export to the United States, from 1946 through 1949, were produced at *approximately* the following costs, the following general expenses, the following packing costs * * *. [Italics added.]

In the case of *United States* v. *Jovita Perez*, 36 C. C. P. A. (Customs) 114, C. A. D. 407, our appellate court held that evidence of *estimated* costs of production did not constitute substantial evidence upon which a finding of cost of production might be made, and that case, wherein the issue turned on the cost of production of the particular manufacturer involved, held that the only substantial evidence as to the cost of production was evidence as to the *actual* costs taken from the records of that manufacturer.

Since the affiant in the present case states that he had—

* * * access to the * * * records of cost of manufacturing its products and records pertaining to general expenses and other expenses involved in the manufacturing and selling of the products of ACME RULER & ADVERTISING CO. LTD.

no reason appears why he should choose to give *approximate* costs rather than the *actual* costs indicated by the records. In view of the holding in the *Perez* case, *supra*, it would seem that approximate costs are not acceptable where actual costs are available.

See also the decision of our appellate court in *Charles Stockheimer, Inter-Maritime Forwarding Co., Inc.* v. *United States* (cross-appeals), 44 C. C. P. A. (Customs) 92, C. A. D. 642, wherein the court said:

As we view section 402 (f) it is designed to approximate as closely as is feasible the *actual* cost of producing the merchandise it if were manufactured as expeditiously as could be done in a normal manner for delivery on the date of export. [Italics added.]

Moreover, it appears that the profits set forth by the affiant in exhibit 8 represent the profits from the sales of only a portion of the

cribbage boards manufactured by the exporter. The statute calls for—

An addition for profit * * * equal to the profit which ordinarily is added, in the case of merchandise of the same general character as the particular merchandise under consideration * * *.

Quite obviously the profit called for is that which is made on merchandise of the same general character as the particular merchandise in all types of sales thereof, not merely when such merchandise is sold, as stated in exhibit 8—

* * * at prices reflecting the greatest volume of all cribbage board sales made by ACME RULER & ADVERTISING CO. LTD.

It is clear from the evidence that the greatest volume of cribbage board sales made by the manufacturer was that in connection with sales to wholesalers (plaintiff's collective exhibit 2, paragraphs 12 and 23), and it seems that the profit figures offered in exhibit 8 relate only to the profit made on that type of sale, and do not include the profit made on sales to chain and department stores and retailers, and on those for export. Consequently, the writer is of the opinion that the figures for profit shown in exhibit 8 do not conform to the statutory requirement.

The writer deems it unnecessary to discuss the other alleged deficiencies in the proof pointed out by counsel for the defendant, inasmuch as either one of the two defects above discussed bars a holding that the figures submitted in plaintiff's exhibit 8 represent the statutory cost of production of the involved merchandise.

On the record before me, I therefore find as facts:

(1) That the merchandise under consideration consists of wood cribbage boards, No. 28 and No. 29, which were exported by Acme Ruler & Advertising Co., Ltd., of Toronto, Canada, on June 14, 1948.

(2) That at or about the time of exportation such or similar merchandise was not freely offered for sale to all purchasers in the principal markets of Canada either for home consumption or for exportation to the United States.

(3) That at or about the time of exportation such or similar merchandise was not freely offered for sale to all purchasers in the principal markets of the United States.

(4) That the record facts are insufficient to establish the elements of cost of production, in accordance with the statutory formula therefor, section 402 (f), Tariff Act of 1930.

I conclude as matters of law:

(1) That cost of production, as defined in said section 402 (f), Tariff Act of 1930, is the proper basis for the determination of the value of the merchandise involved, and

(2) That the plaintiff has failed to prove values for the merchandise other than those found by the appraiser, and, by operation of section

2633, title 28, United States Code, such values are the values of the merchandise.

Judgment will issue accordingly.