**GLANSON CO.**

v.

**UNITED STATES.**

Reap. Dec. 9208; Reap. No. 171945–A.

United States Customs Court,
Single Judge.
Aug. 13, 1958.

Michael Stramiello, Jr., New York City, for plaintiff.

George Cochram Doub, Asst. Atty. Gen. (Samuel D. Spector and Daniel I. Auster, trial attys., New York City), for defendant.

MOLLISON, Judge.

In a decision and judgment rendered on January 6, 1958, on remand of the above-entitled case from the second division of this court, the writer concluded from the evidence adduced that cost of production, as defined in section 402(f) of the Tariff Act of 1930, was the proper basis for the determination of the values of the merchandise involved, but that plaintiff had failed to establish by legally sufficient evidence the elements of such cost of production which would support values for the merchandise other than those found by the appraiser. See Glanson Co. v. United States, 40 Cust.Ct. ——, Reap.Dec. 9047.

Within proper time thereafter, plaintiff filed a motion for rehearing, etc., and the same was granted over the opposition of the defendant.

As pointed out in Reap.Dec. 9047, the evidence as to cost of production value submitted by the plaintiff consisted of two affidavits of P. Roug-Jensen, plant manager of the manufacturer and exporter, received in evidence over the objection of counsel for the defendant as plaintiff's exhibits 8 and 9.

In Reap.Dec. 9047, it was pointed out, among other things, that the costs of materials, labor and processing, general expenses, and packing, as stated in plaintiff's exhibit 8 by affiant Roug-Jensen, were said therein to be the *approximate* costs thereof, and it was held that, there being no reason shown why the actual costs could not be given, the approximate costs would not be acceptable as evidence of the costs called for by the statute.

In a further affidavit of Mr. Roug-Jensen, received in evidence on the latest hearing as plaintiff's exhibit 10, over the objection of counsel for the defendant, the affiant explains the use of the word "approximately" in exhibit 8 as referring to slight variations, due to changing prices in the costs, which did not appreciably affect the basic costs as set forth in exhibit 8.

Reading exhibit 8, in the light of the statements in exhibit 10, the writer believes that the evidence as to the items therein set forth as representing the costs of materials, of labor and processing, of general expenses, and of packing is sufficient to establish *prima facie* those elements of cost of production as called for by the statute. It has never been considered that the degree of exactness or precision by which the elements of statutory cost of production are required to be evidenced is absolute. On the contrary, as stated by our appellate court in the case of Charles Stockheimer, Inter-Maritime Forwarding Co., Inc. v. United States, 44 C.C.P.A., Customs, 92, C.A.D. 642, section 402(f), supra—

"* * * is designed to approximate *as closely as is feasible* the actual cost of producing the merchandise if it were manufactured as expeditiously as could be done in a normal manner for delivery on the date of export." (Italics added.)

Consequently, the writer is of the opinion that slight variations in the costs, which do not appreciably affect

the basic costs called for by the statute, may be disregarded in determining cost of production.

In the brief filed in its behalf, counsel for the defendant attacks the evidence concerning the items making up the said costs, as set forth in exhibit 8 as being "without proof as to their correctness" and consequently being conclusions and having no weight at law, citing as authorities Brooks Paper Company v. United States, 40 C.C.P.A., Customs, 38, C.A. D. 495, and Semon Bache & Co. v. United States, 28 C.C.P.A., Customs, 166, C.A. D. 140.

There is nothing in the cited cases holding that statements made under oath of facts shown to be within the knowledge of a witness must be supported or corroborated by other proof as to their correctness. The situations involved in the cited cases related to statements of ultimate facts made by affiants or witnesses, and, as to these, it was held that conclusions of such witnesses as to ultimate issuable facts with respect to usual wholesale quantities were not, if unsupported or contradicted by evidentiary facts, substantial evidence upon which a finding of the ultimate fact as to what constituted a usual wholesale quantity could be made by the court.

The statements made by Mr. Roug-Jensen were made under oath and purport to represent facts taken by him from the records of the manufacturing and exporting company, to which records, by virtue of his capacity as plant manager, he had access. Apparently, it is the view of counsel for the defendant that the records themselves should have been produced and offered as proof of the facts.

In Wirth v. United States (cross-appeals), 23 C.C.P.A., Customs, 283, T.D. 48144, our appellate court held that, in ascertaining the cost of production under the statute no further detail need be given than the totals represented by each of the four elements specified in the statute. It would thus appear that evidence of such totals is considered to be in the realm of evidentiary, rather than ultimate, facts insofar as proof of cost of production is concerned, and the affidavits in the case at bar satisfy the requirement of the statute so laid down in the Wirth case, supra.

I am satisfied that the evidence offered by the plaintiff with respect to the elements of cost of production represented by items (1), (2), and (3) of the statutory formula contained in section 402(f), supra, which evidence was uncontradicted, is sufficient to make out a *prima facie* case in favor of the plaintiff's contentions in that regard.

With respect to the item of profit, covered by item (4) of the statute, attention was called in the memorandum reported in 38 Cust.Ct. 638, Reap.Dec. 8793, to the fact that the profit given in exhibit 8 purported to represent the profit of the manufacturer and exporter of the instant merchandise and could not be accepted as the profit called for by the statute in the absence of proof that merchandise of the same general character was not produced and sold by others in the country of exportation, citing United States v. Maier, 21 C.C.P.A., Customs, 41 T.D. 46378.

Counsel for the plaintiff produced and offered in evidence a supplementary affidavit by Mr. Roug-Jensen reading, so far as pertinent, as follows:

"* * * To the best of my knowledge and belief no other concern in Canada from January 1, 1946 through December 31, 1949, manufactured or produced cribbage boards, and no manufacturers or producers in Canada were engaged in producing or manufacturing merchandise of the same class or kind as the cribbage boards sold to Glanson Company by Acme Ruler and Advertising Co. Limited for export to the United States in said period, and if there were manufacturers and producers of the same class of cribbage boards I would have known of them because of my extensive knowledge of the trade."

This affidavit was received in evidence as plaintiff's exhibit 9 over the

objection of counsel for the defendant that it contained conclusions and self-serving declarations. Because of the fact that the affiant occupied an important position in a Canadian firm engaged in the manufacture and production of cribbage boards, it would certainly appear that he would be in a position to have knowledge of the facts contained in his statement, that is to say, it would be very unlikely that other firms could have been engaged in Canada in the manufacture and production of cribbage boards or merchandise of that class or kind without the knowledge of the affiant. The basis for the statement that, to the best of his knowledge, no manufacturers or producers in Canada were engaged in producing or manufacturing merchandise of the same class or kind as that here involved is thus shown, that is to say, his opportunity for observation, and his statement on the matter is admissible as evidence to be weighed by the court. See Wigmore on Evidence, 3d edition, volume VII § 1922; also Kobe Import Co. v. United States, 43 C.C.P.A., Customs, 136, C.A.D. 620, at page 141, citing and quoting section 1919 of the same work.

■ Moreover, the use by counsel for the defendant of the term "self-serving declarations" as characterizing the statements made in exhibit 9 is manifestly a misuse of the term. Self-serving declarations, according to Black's Law Dictionary (3d ed., p. 531, under the heading "declarations"), are those—

" * * * made by a party in his own interest at some time and place out of court;—not including testimony which he gives as witness at the trial. * * * "

■ The statements contained in exhibit 9 were made under oath in affidavit form at or about the time of trial by a witness resident in another country. Affidavits of such persons, whose attendance at the trial cannot reasonably be had, were made receivable in evidence under specific statutory authority (28 U.S.C. § 2633) at the trial of issues under appeals for reappraisement. They, therefore, stand on the same footing as oral evidence given by a witness at a trial, at least in the sense that they are not in the nature of extrajudicial statements, which may be considered inadmissible as self-serving declarations.

■ I am satisfied from the uncontradicted evidence contained in exhibits 8 and 9 that the plaintiff has established *prima facie* that there were no manufacturers or producers in Canada, who, at the time here pertinent, were engaged in the production or manufacture of merchandise of the same class or kind as that here involved. Under the rule of the Maier case, supra, the evidence offered by the plaintiff in exhibits 8 and 9, with respect to the profits made by the particular manufacturer of the goods involved, is admissible as proof of the addition for profit called for by subdivision 4 of section 402(f), supra.

The item of profit given in plaintiff's exhibit 8 was stated to represent the profit realized upon the greatest volume of all cribbage board sales made by the manufacturer and exporter, which was shown by other evidence offered at the trial to be that realized in connection with sales to wholesalers.

■ In the opinion, reported in Reap. Dec. 9047, the writer indicated that it was considered that the item of profit called for by the statute would be that realized in all types of sales, rather than on a portion of the sales. Counsel for the plaintiff, however, calls attention to the decision of the Court of Customs and Patent Appeals in the case of United States v. International Expediters, Inc., for Winsor & Newton, Inc., 40 C.C.P.A., Customs, 148, C.A.D. 511, wherein it was held that, where merchandise is ordinarily sold to two or more classes of purchasers, the profit realized being different in the case of sales to each class, the profit derived from the greatest quantity of sales represents the "profit which ordinarily is added" for the purposes of the cost-of-production value formula in section 402(f), supra.

Applying the rule of the International Expediters, Inc., etc., case, supra, to the facts in the case at bar, it does appear that the greatest quantity of sales of

merchandise which were made by the manufacturer and exporter was represented by sales made to wholesalers, and it follows that the profit to be added under item (4) of section 402(f), supra, is that realized upon such sales. This is the profit shown in plaintiff's exhibit 8.

Upon the entire record before me, I, therefore, find as facts:

(1) That the merchandise under consideration consists of wood cribbage boards, No. 28 and No. 29, which were exported by Acme Ruler & Advertising Co., Ltd., of Toronto, Canada, on June 14, 1948.

(2) That at or about the time of exportation such or similar merchandise was not freely offered for sale to all purchasers in the principal markets of Canada either for home consumption or for exportation to the United States.

(3) That at or about the time of exportation such or similar merchandise was not freely offered for sale to all purchasers in the principal markets of the United States.

(4) That at a time preceding the date of exportation of the particular merchandise under consideration, which would ordinarily permit the manufacture or production of the particular merchandise under consideration in the usual course of business, the following were the elements of cost of production of the same:

|  | "Size No. 28 | | Size No. 29 | |
|---|---|---|---|---|
| Cost of materials of, and of fabrication, manipulation, or other process employed in manufacturing or producing such merchandise ...................... | Can. | $4.20 | Can. | $ 7.30 |
| The usual general expenses in the case of such merchandise ................... | | .46 | | .81 |
| Cost of all containers and coverings of whatever nature, and all other costs, charges, and expenses incident to placing the particular merchandise under consideration in condition, packed ready for shipment to the United States ........ | | .06 | | .08 |
| Addition for profit, being the actual profit of the manufacturer of the involved merchandise .................. | | .83 | | 2.91 |
| Totals ...................... | Can. | $5.55 | Can. | $11.10" |

(5) That at the said time there were no manufacturers or producers in Canada who were engaged in the production or manufacture of merchandise of the same class or kind as the cribbage boards here involved, other than the manufacturer of the involved merchandise.

I conclude as matters of law:

(1) That cost of production, as defined in section 402(f), Tariff Act of 1930, is the proper basis for the determination of the value of the merchandise involved, and

(2) That such cost of production for each of the sizes involved is the total shown for each size in finding of fact (4), above.

Judgment will issue accordingly.