(A.R.D. 110)

UNITED STATES *v.* GLANSON CO.

Entry No. 792815.

## Second Division, Appellate Term

(Decided July 8, 1959)

*George Cochran Doub*, Assistant Attorney General (*Samuel D. Spector*, trial attorney), for the appellant.
*Michael Stramiello, Jr.*, for the appellee.

Before LAWRENCE, RAO, and FORD, Judges

FORD, Judge: This is an application for review of the decision and judgment of the trial court, *Glanson Co.* v. *United States*, 41 Cust. Ct. 510, Reap. Dec. 9208, filed under the provisions of title 28, U.S.C., section 2636(a). The merchandise involved consists of two styles of cribbage boards, which are designated as size No. 28 and size No. 29. The merchandise was invoiced, entered, claimed by the importer, and appraised as indicated in the following tabulation:

|  | Invoiced and entered per doz. | Importer claimed value per doz. | Appraised foreign value per doz. |
|---|---|---|---|
| No. 28 | $4. 95 (Can.) | $5. 55 (Can.) | $7. 40 (Can.) |
| No. 29 | 8. 25 (Can.) | 11. 10 (Can.) | 14. 40 (Can.) |

The trial court held the merchandise to be dutiable on the basis of cost of production, as set forth in section 402(f) of the Tariff Act of 1930, and held the correct dutiable value of the involved merchandise was as indicated in column two, *supra.*

When this case was originally tried, both parties contended that the proper basis of appraisement was foreign value, as set forth in section 402(c) of the Tariff Act of 1930, as amended by the Customs Administrative Act of 1938. The trial court, in *Glanson Co.* v. *United States*, 29 Cust. Ct. 508, Reap. Dec. 8182, dismissed the appeal for reappraisement on the ground that no statutory foreign value existed, as there was no price at which such merchandise was freely offered for sale to "all" purchasers. An application for review was duly filed by the importer and this court, in the case of *Glanson Co.* v. *United States*, 31 Cust. Ct. 473, A.R.D. 33, reversed and remanded this matter to the trial court, directing the single judge sitting in reappraisement to determine the value of the imported merchandise.

The court also indicated in its decision our agreement with the trial court that such merchandise was not freely offered at the manufacturer's level, since sales were made at various prices depending upon the class of purchaser. This case was then resubmitted before the trial court, after receiving additional evidence with respect to the cost of production. The submission was then set aside by the trial court for the purpose of receiving evidence with respect to the proof of profits required under the statutory basis of cost of production. *Same* v. *Same*, 38 Cust. Ct. 638, Reap. Dec. 8793. On receiving this addi-

tional information, the case was resubmitted, and the trial court rendered a decision affirming the appraised value, since the evidence established only approximate costs. *Same v. Same*, 40 Cust. Ct. 644, Reap. Dec. 9047. The importer then filed a motion for rehearing, which was granted by the court in *Same v. Same*, 40 Cust. Ct. 694, Reap. Dec. 9073, and a decision and judgment were rendered by the trial court holding the merchandise to be dutiable on the basis of cost of production and finding the values to be those set forth in column two, *supra*.

Counsel for the Government objected to the introduction of any new evidence or the further rehearings granted subsequent to the decision of this court in A.R.D. 33, *supra*. It was Government's position, during all the proceedings had subsequent to our decision in said A.R.D. 33, that this cause was remanded for the sole purpose of having the trial court determine the value of the involved merchandise, as prescribed in 28 U.S.C., section 2631. It is urged that, in the absence of any specific direction, the trial court is bound to make its determination of value on the record as made and that the introduction of further evidence constitutes error.

Since this point is raised, and before consideration is given to the merits of the case, it is deemed necessary to consider whether the introduction of further evidence and the granting of various rehearings constitute error in this particular matter. There appears to be little doubt that it is within the inherent power of this court, in the absence of a statute to the contrary, to reopen a case for the purpose of introducing additional evidence or for any other purpose consonant with justice and a correct decision. *United States v. International Graphite & Electrode Corp.*, 25 C.C.P.A. (Customs) 74, T.D. 49066. This power, of course, is to be utilized within the discretion of the court and is not reviewable unless such action constitutes an abuse of discretion. An analysis of our decision in A.R.D. 33, *supra*, is indicative of the fact that no specific direction was made instructing the trial court to make its findings of value on the record as made. On the contrary, the implication is clear that additional evidence would be required for the determination which was directed, since the record before us at the time this matter was originally argued was barren of evidence with respect to sales by wholesalers. In our opinion, A.R.D. 33, *supra*, we stated as follows:

The proven fact is that the wholesale trade constituted one of the categories of purchasers to whom the manufacturer sold its wares. Whether that class of trade offered to sell cribbage boards at prices which would, consistent with the provisions of the foreign value statute, enable the selection of a freely offered price to all purchasers for home consumption, is not of record. Until such sales are ruled out, the categorical denial of the existence of a foreign value may not be asserted. * * *

Had the court directed the trial court to find the value of the involved cribbage boards on the record as made, so that the remand was merely for mechanical compliance with the statute controlling, we would agree with appellant. We find no reversible error in the admission of additional evidence under the facts involved herein.

The factual situation of this case does not appear to be in dispute. The position of appellant is that the merchandise is dutiable as appraised on the basis of foreign value of such merchandise at the resale price of the wholesaler. All agree that since the cribbage boards are patented articles, there are no similar articles either for home consumption or export to the United States and that there is no export value, since the appellee has the exclusive import rights in the United States.

The first question thus presented is whether there is a foreign value for such merchandise within the purview of paragraph 402(c) of the Tariff Act of 1930, as amended, *supra.*

The record herein with respect to the question of foreign value of such merchandise, as that term is prescribed under section 402(c) of the Tariff Act of 1930, as amended, *supra,* clearly establishes that, on or about the date of exportation, the manufacturer of the involved cribbage boards freely offered the merchandise for sale for home consumption in the principal markets of the country from which exported, in the usual wholesale quantities and in the ordinary course of trade, at three different price levels which were determined solely by the category of the purchaser and not the quantity purchased. The prices of the manufacturer to the various categories of purchasers are as follows:

| No. | To jobbers and wholesalers | To chain and department stores | To retailers, other than chain and department stores |
|---|---|---|---|
| 28 | $5.55 per dozen | $6.66 per dozen | $7.40 per dozen |
| 29 | 11.10 per dozen | 13.30 per dozen | 14.40 per dozen |

From the record, there can be no dispute that the cribbage boards were offered and sold to all who cared to purchase them and that the above categories of purchasers constituted "all" who cared to purchase. The record amply supports the fact that sales to the wholesalers constituted the major portion of sales by the manufacturer. Plaintiff's exhibit 5, a supplemental affidavit of P. Roug-Jensen, establishes that the suggested resale prices of the involved cribbage boards were established by the manufacturer and apparently adhered to, since there were no instances of sales made at prices lower than those suggested. The suggested resale prices are as follows:

#28—For resale to chain and dept. stores_____ $6. 66 per doz.
    —For resale to other retail stores_____ $7. 40 per doz.
    —For resale at Retail_____ 12. 00 per doz.

#29—For resale to chain and Dept. stores_____ $13. 30 per doz.
—For resale to other retail stores_____ 14. 40 per doz.
—For resale at retail_____ 24. 00 per doz.

It is contended by appellant that since only wholesalers could buy at wholesale prices and chain and department stores could buy at prices for their class of purchaser, the only price at which "all" could purchase would be the third category, namely, sales to retailers. In our decision in A.R.D. 33, *supra*, we indicated that unless there was evidence that wholesalers did not sell at prices which would enable the selection of a freely offered price to all purchasers, the trial court could not make a finding that no foreign value existed. In view of additional evidence received herein, it is clear that even the resales by the wholesalers were controlled to the extent that the price must conform to the category of the purchaser to whom it sold. We, of course, are aware that resale prices of wholesalers are acceptable as a basis from which we may derive a foreign value. However, such principle can be applied only if the statutory requirements are met. *United States* v. *H. W. Robinson & Co., State Forwarding Co., and Edgar S. Bibas*, 19 C.C.P.A. (Customs) 274, T.D. 45436. It is apparent that since the resale prices are controlled by the manufacturer for each of the categories who purchase the above cribbage boards, the merchandise cannot be considered as fitting within the statutory requirements of foreign value, set forth in section 402(c) of the Tariff Act of 1930, *supra*. Accordingly, we are of the opinion that no statutory foreign value existed for the involved cribbage boards, as there was no single price at which the merchandise in issue was freely offered for sale to "all" purchasers.

Since it has been agreed that no export value for such or similar merchandise existed, we shall now consider whether there is a United States value, as that value is prescribed under section 402(e) of the Tariff Act of 1930, as amended by the Customs Administrative Act of 1938. The testimony adduced herein with respect to sales by the importer in the United States clearly establishes that the resale price in the United States was controlled by the importer to the extent that its customers must comply with the suggested resale prices. In addition, the sales of the importer to its customers were made at the list price, i.e., cribbage boards No. 28 at $2 per board and cribbage boards No. 29 at $3 per board, less a discount of 50 per centum and 10 per centum off list when sold to a jobber, at 50 per centum off list when sold to mail-order houses, and at 40 per centum off list when sold to retailers. The evidence also establishes that, in the sales made in the United States, the price did not vary with the quantity sold and that the general expenses and profit exceeded 8 per centum.

From the record herein, we are of the opinion that, by virtue of the controlled market in the United States, there is no United States value, as that value is provided for in section 402(e) of the Tariff Act of 1930, as amended, *supra*.

In view of the foregoing, it is, therefore, incumbent upon us to determine whether there has been established by proper evidence the necessary elements required by section 402(f) of the Tariff Act of 1930 for a finding of value on the basis of cost of production. Evidence in the form of plaintiff's exhibit 8, an affidavit of P. Roug-Jensen, was received and sets forth the following costs and expenses of the involved cribbage boards:

From January 1, 1946, through November 30, 1948

| Per dozen | Size 28 | Size 29 |
|---|---|---|
| Cost of materials | $1. 44 | $2. 96 |
| Labour and processing | 2. 76 | 4. 34 |
| General Expenses | . 46 | . 81 |
| Packing | . 06 | . 08 |
| Profit | . 83 | 2. 91 |
| Totals—Can. | $5. 55 | $11. 10 |

From December 1, 1948, through December 31, 1949

| Per dozen | Size 28 | Size 29 |
|---|---|---|
| Cost of materials | $2. 08 | $2. 96 |
| Labour and processing | 3. 95 | 4. 34 |
| General Expenses | . 71 | . 81 |
| Packing | . 08 | . 08 |
| Profit | 1. 58 | 2. 91 |
| Totals—Can. | $8. 40 | $11. 10 |

It is contended by counsel for appellant that plaintiff's exhibit 8 is insufficient to establish the necessary elements for appraisement on the basis of cost of production, since the affiant uses the word "approximately" with respect to costs, and that the profit set forth therein represents the actual profit of the manufacturer involved and does not establish the profit, which ordinarily is added, in the case of merchandise of the same general character, by manufacturers in the country of exportation who are engaged in the manufacture of merchandise of the same class or kind.

In plaintiff's exhibit 10, a supplemental affidavit of Mr. Jensen, he explains the use of the word "approximately" in plaintiff's exhibit 8 as referring to slight variations due to changing prices in the costs which did not appreciably affect the basic costs of said items.

The contention of counsel for appellant that the actual profit may not be considered does not appear to be meritorious. In the argu-

ment on appeal and in at least two occasions in its briefs, counsel for appellant has conceded no merchandise similar to the involved cribbage boards was manufactured in the country of exportation. In addition, plaintiff's exhibit 9, an affidavit of P. Roug-Jensen, stated that no other concern in Canada manufactured cribbage boards for the involved period and that no company in Canada manufactured merchandise of the same class or kind as the cribbage boards involved herein. Accordingly, the actual profit realized by the manufacturer may, under these circumstances, be considered as complying with the provisions of section 402(f)(4) of the Tariff Act of 1930. In the case of *United States* v. *Jovita Perez*, 36 C.C.P.A. (Customs) 114, C.A.D. 407, the appellate court made the following statement in the syllabus of said case:

(1) Where the exporter was the sole manufacturer of goods of the character of the imported merchandise, or where the profits added by other manufacturers of the country of export were not reasonably ascertainable, "the profit ordinarily added" pursuant to subparagraph (4) of section 402(f) will be the profit *actually* added by the exporter; * * *. [Italics quoted.]

We are of the opinion that appellee has established the necessary elements of cost of production as called for by the statute. We do not consider the affidavits referred to above as being the type of evidence held to be entitled to no probative value as being conclusions of the witnesses as to ultimate issuable facts. *Brooks Paper Company* v. *United States*, 40 C.C.P.A. (Customs) 38, C.A.D. 495; *Semon Bache & Co.* v. *United States*, 28 C.C.P.A. (Customs) 166, C.A.D. 140. These affidavits are made under oath and purport to report facts taken by affiant from the records of the manufacturing and exporting company and do not constitute conclusions of affiant. *Philipp Wirth et al.* v. *United States* (cross-appeals), 23 C.C.P.A. (Customs) 283, T.D. 48144.

Upon the entire record before us, we find as facts:

(1) That the merchandise under consideration consists of wood cribbage boards, No. 28 and No. 29, which were exported by Acme Ruler & Advertising Co., Ltd., of Toronto, Canada, on June 14, 1948.

(2) That, at or about the time of exportation, such or similar merchandise was not freely offered for sale to all purchasers in the principal markets of Canada either for home consumption or for exportation to the United States.

(3) That, at or about the time of exportation, such or similar merchandise was not freely offered for sale to all purchasers in the principal markets of the United States.

(4) That, at or about the time of exportation of the involved cribbage boards, the following were the elements of cost of production of said items:

| | Size No. 28 Per dozen | Size No. 29 Per dozen |
|---|---|---|
| Cost of materials of, and of fabrication, manipulation, or other process employed in manufacturing or producing such merchandise | Can. $4.20 | Can. $7.30 |
| The usual general expenses in the case of such merchandise | .46 | .81 |
| Cost of all containers and coverings of whatever nature, and all other costs, charges, and expenses incident to placing the particular merchandise under consideration in condition, packed ready for shipment to the United States | .06 | .08 |
| Addition for profit, being the actual profit of the manufacturer of the involved merchandise | .83 | 2.91 |
| Totals | Can. $5.55 | Can. $11.10 |

Accordingly, we hold as matters of law:

(1) That cost of production, as that value is defined in section 402(f) of the Tariff Act of 1930, is the proper basis for appraisement of the instant merchandise.

(2) That such cost of production for each of the sizes involved is the total shown for each size in finding of fact (4), above.

The decision and judgment of the trial court are, therefore, affirmed.

Judgment will be entered accordingly.