(Reap. Dec. 9707)

SANI SMOKE, INC. *v.* UNITED STATES

Entry No. 850186, etc.

(Dated May 12, 1960)

*Eugene R. Pickrell* (*George E. Long* of counsel) for the plaintiff.
*George Cochran Doub*, Assistant Attorney General (*Samuel D. Spector*, trial attorney), for the defendant.

DONLON, Judge: Plaintiff has moved that these six appeals for the reappraisement of merchandise, imported from Germany in 1957, be suspended from the docket pending final decision in *United States* v. *Glanson Co.*, 43 Cust. Ct. 601, A.R.D. 110, now before the Court of Customs and Patent Appeals (suit 5014) on appeal of the United States, defendant in the *Glanson* appeal to reappraisement.

Rule 16, of this court, permits suspension "in the discretion of the court, on satisfactory proof that a test case involving the same issue of fact or question of law is then pending."

Plaintiff's motion for suspension offered no proofs, satisfactory or otherwise, as to the identity of issues under the test of rule 16. Defendant "consented to" suspension, but likewise presented no proofs. The official papers that were transmitted by the collector to the court with the appeals, and the statements in the appeals, were found on scrutiny to throw no light on what issue is asserted by the parties to be the same issue in these cases.

In order to further the effective administration of justice and advance disposition of the suspension motion, the court ordered the parties to file the statements required under rule 15.

Plaintiff's statement is that (1) United States value is the statutory basis of value for which it contends; (2) sufficient information is not available as yet to permit plaintiff to state the specific unit value claimed for the different types of cigarette lighters involved in the litigation, but the United States value should be "based upon the price at which the merchandise was sold to wholesalers"; and (3) in the absence of United States value, these cigarette lighters should be valued on the basis of cost of production "or constructed value if entered after February 27, 1958."

Defendant's statement under rule 15 is that (1) foreign value is the value for which defendant contends, and (2) the unit prices set forth "in red ink" on the invoices are the unit prices which defendant claims are the correct value of the merchandise.

Plaintiff states also that the merchandise was appraised on the basis of United States value. This statement may be disregarded. It is no part of the importer's obligation under rule 15 to state the basis on which the appraiser valued the merchandise, for this is matter not usually within the importer's knowledge, and it would not be fair to require him to supply that information. Moreover, in the light of defendant's statement, it appears that appraisement was on the basis of foreign value, not United States value. Defendant did not appeal from the appraisement and, hence, is bound by it. Defendant may not here contend for any other basis of value than that found by the appraiser, and it does contend for foreign value.

As to plaintiff's alternative contention for cost of production value "or constructed value if entered after February 27, 1958," there is no need to consider at this time whether this merchandise is or is not included among items enumerated in the final list made public by the Acting Secretary of the Treasury (T.D. 54521) pursuant to section 6(a), Public Law 927, 84th Congress, known as the Customs Simplification Act of 1956. The Secretary's final list became effective as to goods entered, or withdrawn from warehouse, for consumption on or after February 27, 1958. From the official papers on file with the court, it appears that the respective dates of entry in these six suits were all prior to February 28, 1958, more specifically as follows:

| | |
|---|---|
| R59/18940 | January 14, 1957 |
| R59/19394 | June 13, 1957 |
| R59/19395 | June 25, 1957 |
| R59/19396 | August 5, 1957 |
| R59/19397 | October 15, 1957 |
| R59/19398 | September 26, 1957 |

It is, therefore, section 402 of the Tariff Act of 1930, without giving effect to that section as enacted by the Customs Simplification Act of 1956 or section 402(a), which governs valuation of this merchandise.

The issue, thus reduced, is reasonably clear. Plaintiff, to succeed in its suits, must first show by appropriate proofs that there is neither foreign nor export value for such or similar merchandise. If it proves that much, then it will next be required to prove whether there is United States value for such or similar merchandise. What that value is, if there is a United States value, is for the court to decide on all the proofs adduced. Only if plaintiff succeeds in proving that there is no United States value, will it be possible for plaintiff to proceed to prove the cost of production value. There is no right, as plaintiff might appear to infer, to proceed to cost of production value as the basis of valuing this merchandise merely because plaintiff may be dissatisfied with the amount of the United States value found by the court.

The issue in the *Glanson* case, *supra*, now pending, has been litigated three times in reappraisement, once on remand by the appellate division, has been in the appellate division a second time, and now is before the Court of Customs and Patent Appeals. It involves, so far as appears from the record, the question whether there was foreign value, in the circumstances of that case, and also how value was to be determined.

Whether or not there is a foreign value of different merchandise, exported at a different time and under different conditions, cannot generally be deemed a suspensible issue. It is not proved to be so here.

As to how United States value is to be computed, that is not presently

the issue in these suits. Plaintiff has considerable proofs to adduce before it can get down to United States value as the basis of appraisement of this merchandise, and it may be that it will never get that far in this case. Only if and when that point is reached in proofs, could there be a proper basis for the requested suspension. Motion to suspend may then be entertained. Action now is without prejudice to renewal of the motion to suspend at a proper time and on proper proofs.

Motion for suspension is denied. Notice these suits on trial calendar of my November 1960 term in reappraisement for all purposes.