(C.D. 2367)

GLANSON CO. *v.* UNITED STATES

United States Customs Court, Third Division

(Decided October 24, 1962)

*Michael Stramiello, Jr.*, for the petitioner.

*Joseph D. Guilfoyle*, Acting Assistant Attorney General (*Samuel D. Spector*, trial attorney), for the respondent.

Before JOHNSON, DONLON, and RICHARDSON, Judges

RICHARDSON, Judge: The importer filed petitions for the remission of additional duties assessed under former 19 U.S.C.A., section 1489 (former section 489, Tariff Act of 1930), against certain cribbage boards which it imported from Canada. Relief against the additional duties is sought under two petitions that have been consolidated for trial and which cover 12 entries, 10 of which were made at the port of New York, and 2 at the port of Buffalo.

It appears from the record that the involved importations were made between November 27, 1946, and August 30, 1948. The cribbage boards were entered at invoice prices of $59.40 per gross ($4.95 per dozen) for No. 28 cribbage boards, and $99 or $99.90 per gross ($8.25 per dozen) for No. 29 cribbage boards. These values were advanced by the appraisers to Canadian $7.40 per dozen for the No. 28 cribbage boards, and Canadian $14.40 per dozen for the No. 29 cribbage boards on the basis of foreign value.

One of the involved entries, to wit, entry No. 792815, became the subject of suit under an appeal for reappraisement that was filed by the importer. (It was stipulated at the trial of the instant proceeding that the merchandise covered by the involved entries was the same in all material respects as the merchandise which was the subject of the aforesaid reappraisement appeal.) And, in such suit, the importer was initially successful in some of its claims regarding the dutiable value of the cribbage boards. But, after protracted litigation had been concluded under this reappraisement appeal, the appraised values were finally sustained as the proper dutiable values of the cribbage boards. (See *Glanson Co.* v. *United States* (12/4/52), 29 Cust. Ct. 508, Reap. Dec. 8182; reversed and remanded *Glanson Co.* v. *United States* (12/3/53), 31 Cust. Ct. 473, A.R.D. 33; case reopened *Glanson Co.* v. *United States* (4/25/57), 38 Cust. Ct. 638, Reap. Dec. 8793; *Glanson Co.* v. *United States* (1/6/58), 40 Cust. Ct. 644, Reap. Dec. 9047; rehearing granted *Glanson Co.* v. *United States* (2/11/58), 40 Cust. Ct. 694, Reap. Dec. 9073; *Glanson Co.* v. *United States* (8/13/58), 41 Cust. Ct. 510, Reap. Dec. 9208; affirmed *United States* v. *Glanson Co.* (7/8/59), 43 Cust. Ct. 601, A.R.D. 110; reversed *United States* v. *Glanson Co.* (6/14/60), 47 C.C.P.A. (Customs) 110, C.A.D. 740; judgment of reversal *United States* v. *Glanson Co.* (9/28/60), 45 Cust. Ct. 294, Abstract 64617.)

In support of the allegations of the petitions at bar, petitioner offered at the trial the testimony of one O. Martin Solmon, a partner in the importer firm of 20 years' standing. Mr. Solmon testified, in

substance, that the petitioner began importing the cribbage boards from Canada at the port of New York in March 1944; that, at that time, he had discussions with a New York examiner named Smith regarding the dutiable value of the boards and thereafter submitted on several occasions information regarding market conditions to the New York appraiser, withholding no material facts whatever; and that the New York appraiser concluded therefrom that the aforesaid invoice values represented the proper dutiable values for the boards and thereupon appraised the merchandise at such values in 1944, 1945, and 1946.

It further appears from the evidence at bar that all but two entries were made at New York. These two entries which were made at Buffalo, as aforesaid, were the subject of inquiry by appraising officers at that port regarding dutiable value of the cribbage boards. After several discussions, and submission and exchange of information between Mr. Solmon, his customs broker, and his attorney, on the one hand, and the appraiser at Buffalo, on the other hand, wherein no material facts were withheld by the importer, the appraiser at Buffalo concluded that higher foreign values reflected in sales by the manufacturer to Canadian retailers represented proper dutiable values and, accordingly, appraised the merchandise covered by these two entries on the basis of such higher values. The ensuing litigation reflects the rather varying views which were initially taken on the matter by the respective appraisers at New York and Buffalo.

At the instant trial, the respondent produced no witnesses to refute the testimony given by petitioner's witness, nor did the respondent offer any evidence in opposition to the relief sought by the petitioner. Instead, the respondent read into the record statements taken from a report compiled by customs agents who investigated the matter, which indicated that "the importer furnished to the examiner all information that was requested of him relative to the foreign value of the imported merchandise."

On the record as presented, we do not think that the *bona fides* of the importer in making entry at lower values is suspect or open to question. The evidence is indicative of the presence of legitimate issues of law and fact which were vigorously pursued by the importer in good faith. On the basis of such evidence, we conclude that the petitioner has brought itself within the requirements of former section 1489, *supra*, and has established by satisfactory evidence that, in undervaluing the involved merchandise upon entry, petitioner did not intend to defraud the revenue of the United States, did not conceal or misrepresent the facts of the case, and did not deceive the appraisers as to the values of such merchandise. The petitions are therefore, granted.

Judgment will be entered accordingly.