WILLIAM D. BAILEY & FRANK WASSON, D/B/A BAILEY & WASSON TRADING CO., PLAINTIFF *v.* UNITED STATES, DEFENDANT

Court No. 81–10–01437

Before RE, *Chief Judge.*

MEMORANDUM OPINION AND ORDER

(Decided January 23, 1986)

*John R. Heard,* at the trial and on the brief, for the plaintiff.

*Richard K. Willard,* Assistant Attorney General; *Joseph I. Liebman,* Attorney in Charge, International Trade Field Office, Commercial Litigation Branch (*Jerry P. Wiskin,*at the trial and on the brief), for the defendant.

RE, *Chief Judge:* The question presented in this case pertains to the proper valuation, for customs duty purposes, of certain Rolex watches and watch bracelets imported from Switzerland and Hong Kong. The watches are comprised of three components: the watch case, the watch movement, and the watch band or strap.

The Customs Service appraised the merchandise on the basis of export value, in accordance with section 402(b) of the Tariff Act of 1930, 19 U.S.C. § 1401a(b) (1976) (amended 1979). Plaintiff contends that export value was an improper basis of valuation, and that the imported merchandise should have been appraised on the basis of United States value, pursuant to 19 U.S.C. § 1401a(c). Plaintiff also contends that the valuation was based on an inappropriate allocation of value among the various components of the imported merchandise.

The Tariff Act defines export value as:

> the price, at the time of exportation to the United States of the merchandise undergoing appraisement, at which such or similar merchandise is freely sold or, in the absence of sales, offered for sale in the principal markets of the country of exportation, in the usual wholesale quantities and in the ordinary course of trade, for exportation to the United States, plus, when not included in such price, the cost of all containers and coverings of whatever nature and all other expenses incidental to placing the merchandise in condition, packed ready for shipment to the United States.

Tariff Act of 1930 § 402(b), 19 U.S.C. § 1401a(b) (1976) (amended 1979).

The portion of the Act which pertains to United States value provides that:

For the purposes of this section, the United States value of imported merchandise shall be the price, at the time of exportation to the United States of the merchandise undergoing appraisement, at which such or similar merchandise is freely sold or, in the absence of sales, offered for sale in the principal market of the United States for domestic consumption, packed ready for delivery, in the usual wholesale quantities and in the ordinary course of trade, with allowances made for—

(1) any commission usually paid or agreed to be paid, or the addition for profit and general expenses usually made, in connection with sales in such market of imported merchandise of the same class or kind as the merchandise undergoing appraisement;

(2) the usual costs of transportation and in surance and other usual expenses incurred with respect to such or similar merchandise from the place of shipment to the place of delivery, not including any expenses provided for in subdivision (1) of this subsection; and

(3) the ordinary customs duties and other Federal taxes currently payable on such or similar merchandise * * * for which vendors at wholesale in the United States are ordinarily liable.

Tariff Act of 1930 § 402(c), 19 U.S.C. § 1401a(c) (1976) (amended 1979).

Upon liquidation, the imported merchandise was appraised at the actual price by plaintiff. Plaintiff asserts that the United States value of the merchandise would be 39 percent of the United States retail price of the watches.

The question presented is whether, within the meaning of the pertinent statutory provisions, the proper basis for violation of the imported merchandise is export value, as determined by Customs, or United States value, as claimed by plaintiff.

After a careful examination of the evidence adduced at trial, the arguments of the parties, and the relevant case law, it is the determination of the Court that plaintiff has not overcome the presumption of correctness that attaches to the government's determination. *See* 28 U.S.C. § 2639(a)(1) (1982); *Diamax Hawaii, Ltd.* v. *United States,* 4 CIT 162, 165–66 (1982). Therefore, the valuation of the imported merchandise by the Customs Service is affirmed.

At trial, the Court heard the testimony of plaintiff's only witness, Mr. William D. Bailey, an owner of Bailey and Wasson Trading Company (Bailey & Wasson). Mr. Bailey testified that Bailey & Wasson imported Rolex watches from 1978 through 1981. Since Bailey & Wasson was not a licensed franchise dealer of Rolex watches, it could not purchase watches from Rolex's exclusive distributors. Consequently, Bailey & Wasson purchased the watches from businesses that had obtained them from an exclusive distributor. In turn, Bailey & Wasson would sell the watches to domestic retailers.

Mr. Bailey also testified that Customs' allocation of value to the watch case, movement, and band was incorrect. However, he was

unable to suggest an alternative allocation, and stated that Bailey & Wasson relied on the allocations provided by the seller of the watches in Switzerland.

During the course of Mr. Bailey's testimony, plaintiff introduced five exhibits into evidence. Plaintiff's exhibits pertained to the importation of Rolex watches purchased from Bucherer Co., Ltd., of Lucerne, Switzerland, a licensed dealer of Rolex watches. One of plaintiff's exhibits consisted of an invoice for 10 watches sold by Bucherer to Bailey & Wasson. Mr. Bailey, on cross-examination, testified that the invoice provided by Bucherer did not reflect the actual price paid by Bailey & Wasson, but undervalued or understated the price actually paid for the watches. On cross-examination, Mr. Bailey also stated that Bailey & Wasson, during 1978 to 1980, resold imported watches to retail jewelers. In addition, he admitted that Bailey & Wasson was a substantial importer of watches from Hong Kong during the relevant period.

At trial, defendant introduced into evidence a copy of a request for admissions, which were deemed admitted pursuant to Rule 36 of the Rules of this Court. The admissions stated:

> 1. For each of the entries covering merchandise exportations from Hong Kong * * * the country of exportation for purposes of appraisement is Hong Kong rather than Switzerland.
> 2. At the time of exportation of the merchandise covered by the entries * * * such or similar merchandise was freely sold or offered for sale in Hong Kong for exportation to the United States.
> 3. Sales by Bucherer to Bailey & Wasson were sales to purchasers at the wholesale level.

In its post-trial brief, plaintiff devotes its entire arguments to its contention that it "encountered substantial difficulties in obtaining necessary factual information to support the exact amount of additional [duties it] paid." Hence, as an alternative to a judgment granting the relief sought, it requests post-trial discovery.

The defendant submits that plaintiff's request for post-trial discovery is without foundation in law and is improper. It also contends that plaintiff has failed to sustain its burden of proving that the appraisements were incorrect.

Plaintiff has not shown any basis for its request for post-trial discovery. In its brief, plaintiff states that "discovery was sought from the Government in this matter, without success," and that its request for documents under the Freedom of Information Act (FOIA) was denied by the Customs Service. Plaintiff's proper remedy to an objection to discovery is to move to compel pursuant to Rule 37(a) of the Rules of this Court. *See J.M. Cleminshaw & Co.* v. *City of Norwich,* 93 F.R.D. 338, 345 n.2 (D. Conn. 1981). In its response to defendant's request for trial, plaintiff stated that it had not completed discovery, and that it would "promptly file a discovery motion." Plaintiff, however, chose not to move to compel discovery, nor did it

challenge the denial of the FOIA request. Since plaintiff had ample time and opportunity before trial to develop its case, its request for post-trial discovery is denied.

Under the Tariff Act of 1930, export value is the preferred statutory basis for valuation of imported merchandise. 19 U.S.C. § 1401a(a)(1)–(4); *see, e.g., Magnesium Elektron Inc.* v. *United States,* 64 Cust. Ct. 728, 735, R.D. 11709 (1970). Moreover, it is well-established that in order to prove United States value plaintiff must first negate the existence of an export value for such or similar merchandise. *See Boyle & Co.* v. *United States,* 2 CIT 222, 225 (1981); *Glenside Steel Co.* v. *United States,* 71 Cust. Ct. 23, 32, C.D. 4466, 364 F. Supp. 1398 (1973), *aff'd,* 62 CCPA 1, C.A.D. 1133, 503 F.2d 563 (1978).

From the record, it appears that plaintiff's chief argument in attacking export value as the proper basis for valuation is that the merchandise could not be purchased directly from Rolex or its exclusive distributors, and, therefore, was not sold or offered for sale in the usual wholesale quantities. The cases, however, hold that, in certain instances, sales by wholesalers outside of the manufacturer's normal channels of distribution may be appropriate to determine the proper basis of value. *See, e.g., Maher-App & Co.* v. *United States,* 64 Cust. Ct. 598, 605–06, R.D. 11690 (1970); *Glanson Co.* v. *United States,* 31 Cust. Ct. 473, 475, A.R.D. 33 (1953); *see also United States* v. *H.W. Robinson & Co.,* 19 CCPA 274, 276, T.D. 45436 (1932). Thus, it is clear that merchandise may be offered for sale in the usual wholesale quantities by sellers other than the manufacturer or exclusive distributor of the manufacturer.

Plaintiff in this case argues that its purchases of the Rolex watches were retail purchases, and that the merchandise was not freely sold or offered for sale in the usual wholesale quantities. This argument, however, is without merit. Although plaintiff's witness sought to establish that the purchases were retail purchases, his testimony, on direct and cross-examination, shows clearly that the purchases by Bailey & Wasson were wholesale purchases. The record leaves no doubt that Bailey & Wasson purchased wholesale quantities of the watches, and, in turn, sold them to retail jewelers. The record also shows that plaintiff admitted that Bucherer's sales to Bailey & Wasson were sales "at the wholesale level." At trial, although plaintiff was given the opportunity, it was not able to refute this admission. Plaintiff's witness also stated that Bailey & Wasson was a "substantial importer" of watches from Hong Kong. Therefore, the Court finds that plaintiff purchased the imported watches in the usual wholesale quantities for exportation to the United States.

Although plaintiff is dissatisfied with the basis of appraisement of its merchandise, it has not introduced any evidence that would show that the merchandise was improperly appraised by the Customs Service. The record shows that the Rolex watches were purchased in the usual wholesale quantities for exportation to the United States, and that Bailey & Wasson resold the watches to retail jewelers.

Therefore, it is the determination of the Court that plaintiff has not rebutted the presumption of correctness that attaches to the government's determination. Accordingly, the appraised values are affirmed, and the action is dismissed.